UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>XAVIER BECERRA, Secretary of U.S. Department of Health and Human Services; LISA J. PINO, Director, Office for Civil Rights, Department of Health and Human Services; U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES,<br><br>    Defendants-Appellants. | No. 20-15398<br><br>D.C. No. 3:19-cv-02405-WHA<br>Northern District of California,<br>San Francisco<br><br>ORDER |
| STATE OF WASHINGTON,<br><br>    Plaintiff-Appellee,<br><br> v.<br><br>XAVIER BECERRA; U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES,<br><br>    Defendants-Appellants. | No. 20-35044<br><br>D.C. No. 2:19-cv-00183-SAB |
| COUNTY OF SANTA CLARA; LOS ANGELES LGBT CENTER; WHITMAN-WALKER CLINIC, INC., DBA Whitman-Walker Health; BRADBURY-SULLIVAN LGBT COMMUNITY CENTER; CENTER ON HALSTED; HARTFORD GYN | No. 20-15399<br><br>D.C. No. 3:19-cv-02916-WHA |

CENTER; MAZZONI CENTER; MEDICAL STUDENTS FOR CHOICE; AGLP: THE ASSOCIATION OF LGBTQ+ PSYCHIATRISTS; AMERICAN ASSOCIATION OF PHYSICIANS FOR HUMAN RIGHTS, DBA GLMA: Health Professionals Advancing LGBTQ Equality; COLLEEN MCNICHOLAS; ROBERT BOLAN; WARD CARPENTER; SARAH HENN; RANDY PUMPHREY,

    Plaintiffs-Appellees,

 v.

U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES; XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services,

    Defendants-Appellants.

---

STATE OF CALIFORNIA,

    Plaintiff-Appellee,

 v.

XAVIER BECERRA, in his official capacity as Secretary of the U.S Department of Health & Human Services; U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES,

    Defendants-Appellants.

No. 20-16045

D.C. No. 3:19-cv-02769-WHA

Before: BERZON, CHRISTEN, and BADE, Circuit Judges.
Order by Judges BERZON and CHRISTEN; Dissent by Judge BADE.

In its most recent status report, the government stated that it has initiated a new rulemaking that may moot this case. Accordingly, the government's request that this case be held in abeyance for six months or until thirty days after the issuance of a final rule, whichever is sooner (Dkt. No. 128), is GRANTED. At the end of that period, the parties shall provide the Court with a report as to the status of the rulemaking process and may file motions to govern further proceedings.

BADE, Circuit Judge, dissenting:

The Department of Health and Human Services has issued a notice of proposed rulemaking that, if made final, would significantly alter or rescind the rule at the heart of this case. Consequently, this case is no longer prudentially ripe, and instead of holding this case in abeyance, I would direct the parties to file supplemental briefs to address whether the court should dismiss this case without prejudice. *See Sierra Club v. U.S. Nuclear Regul. Comm'n*, 825 F.2d 1356, 1362 (9th Cir. 1987) ("We will not entertain a petition where . . . further agency action might render the case moot and judicial review completely unnecessary."); *see also Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 732–37 (1998); *Am. Petrol. Inst. v. E.P.A.*, 683 F.3d 382, 386–89 (D.C. Cir. 2012).

3