IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>XAVIER BECERRA, Secretary of U.S. Department of Health and Human Services; et al.,[1]<br><br>    Defendants-Appellants. | No. 20-15398 |
| COUNTY OF SANTA CLARA; et al.,<br><br>    Plaintiffs-Appellees,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; and XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services,<br><br>    Defendants-Appellants. | No. 20-15399 |

---

[1] Secretary Becerra has been automatically substituted for Acting Secretary Norris Cochran pursuant to Federal Rule of Appellate Procedure 43(c)(2). Secretary Becerra is recused from this litigation.

| | |
|---|---|
| STATE OF CALIFORNIA,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of the U.S Department of Health & Human Services, and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendants-Appellants. | No. 20-16045 |
| STATE OF WASHINGTON,<br><br>    Plaintiff-Appellee,<br><br>v.<br><br>XAVIER BECERRA and U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendants-Appellants. | No. 20-35044 |

**STATUS REPORT PURSUANT TO THE COURT'S ORDER OF OCTOBER 7, 2022**

This case involves a challenge to a rule issued by the Department of Health and Human Services (HHS). Two district courts in this Circuit vacated the rule in its entirety, and the government appealed. As we have previously informed the Court, HHS is conducting a new rulemaking proceeding to revisit the rule at issue in these appeals. HHS has received comments on its notice of proposed rulemaking and is

now in the process of reviewing the comments and preparing a final rule. Accordingly, the federal government respectfully requests that this case continue to be held in abeyance, with the parties to file motions to govern further proceedings at the end of six months, or 30 days after a final rule issues, whichever is sooner. Counsel for plaintiffs has indicated that plaintiffs do not oppose this request.

    1.  These consolidated appeals concern the validity of a final rule that HHS promulgated in 2019. The rule, entitled Protecting Statutory Conscience Rights in Health Care, 84 Fed. Reg. 23,170 (May 21, 2019), implicates various federal statutes that protect individuals and other entities with religious or moral objections to providing certain health-care-related services in connection with government-provided or government-funded health care programs. In these appeals, the federal government sought review of decisions in which two district courts—one in the Eastern District of Washington and one in the Northern District of California—vacated the rule.

    2.  After the consolidated appeals were fully briefed, the Court scheduled oral argument for February 8, 2021. The parties to the appeals subsequently filed a joint motion to remove the appeals from the oral argument calendar and place the appeals in abeyance, explaining that new leadership at HHS planned to reassess the issues that the cases present. The Court granted the parties' joint motion on January 29, 2021, removing the cases from the February 8 argument calendar and directing the parties

to "provide the Court within sixty days a status report as to whether the appeal will continue to be prosecuted."

The federal government has filed periodic status reports pursuant to that order and subsequent orders of the Court. In its most recent status report, filed on October 3, 2022, the government stated that HHS had submitted a draft notice of proposed rulemaking to the Office of Information and Regulatory Affairs (OIRA) within the Office of Management and Budget for review and approval. The government requested that the appeal be held in abeyance for six months, or until 30 days after a final rule issued, whichever was sooner. This Court granted the request and directed in its October 7, 2022, order that the parties provide another report at the end of that period as to the status of the rulemaking process.

On January 5, 2023, the federal government filed a letter notifying the Court that a notice of proposed rulemaking revisiting the rule at issue in these appeals had been published in the Federal Register. *See* Safeguarding the Rights of Conscience as Protected by Federal Statutes, 88 Fed. Reg. 820 (Jan. 5, 2023).

3. The period for public comment on the proposed rule closed on March 6, 2023. *See* 88 Fed. Reg. at 820. HHS is now in the process of reviewing the tens of thousands of comments that it received regarding the proposed rule and is working toward issuance of a final rule. *See* Regulations.gov, *Safeguarding the Rights of Conscience as Protected by Federal Statutes*, https://www.regulations.gov/document/HHS-OCR-

2023-0001-0001 (last visited Apr. 3, 2023) (rulemaking docket). Once HHS has completed a draft final rule, it will submit the draft to OIRA for approval.

4. As the government previously explained, the rulemaking that HHS is in the midst of conducting may moot this matter and eliminate the need for this Court to resolve the merits of the appeals. In these circumstances, the Court should continue to hold the case in abeyance while HHS completes its rulemaking proceeding. *See, e.g.*, *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 735-36 (1998) ("[F]rom the agency's perspective, immediate judicial review . . . could hinder agency efforts to refine its policies" and "interfere with the system that Congress specified for the agency to reach forest logging decisions"); *American Petroleum Inst. v. EPA*, 683 F.3d 382, 387-89 (D.C. Cir. 2012) (concluding that judicial review should be deferred while an agency conducted a rulemaking proceeding). Since the 2019 rule has been vacated in its entirety and nationwide, moreover, deferring review would inflict no hardship on plaintiffs. *See American Petroleum*, 683 F.3d at 389-90.

5. We therefore respectfully ask that the appeals remain in abeyance for an additional period of six months, or until thirty days after the issuance of a final rule, whichever is sooner. We respectfully request that, at the end of that period, the parties be permitted to file motions to govern further proceedings. Depending on the status of the rulemaking process, the parties could seek to have the abeyance extended for an additional period, to set a new briefing schedule, or otherwise to dispose of these appeals.

Respectfully submitted,

MICHAEL RAAB
LOWELL V. STURGILL JR.

/s/ *Sarah Carroll*

SARAH CARROLL
LEIF OVERVOLD
  Attorneys, Appellate Staff
  Civil Division, Room 7511
  U.S. Department of Justice
  950 Pennsylvania Ave., N.W.
  Washington, D.C.  20530
  (202) 514-4027
  sarah.w.carroll@usdoj.gov

APRIL 2023